UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA SNIDER,

    Plaintiff,                          Case No. 2:25-cv-13285
v.                                         Honorable Jonathan J.C. Grey

RUM MCCLAIN,

    Defendant.
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS (ECF No. 2) AND DISMISSING COMPLAINT**

Plaintiff Joshua Snider, incarcerated at the Macomb Correctional Facility in New Haven, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Upon review of Snider's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350[.]" *See also Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006). Snider failed to provide the $350.00 filing

1

fee, plus a $55.00 administrative fee, when he filed his complaint. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended). *See also In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), gives prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023), *reconsideration denied*, 655 F. Supp. 3d 636 (E.D. Mich. 2023).

A review of federal court records indicates that Snider has at least three prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Snider v. White*, No. 2:23-cv-10305 (E.D. Mich. Apr. 19, 2023); *Snider v. Williams*, No. 2:22-cv-12789 (E.D. Mich. Feb. 7, 2023); *Snider v. Davis*, No. 1:20-cv-01227 (W.D. Mich. Mar. 12, 2021). In addition, Snider has at least twice been denied leave to proceed in forma pauperis under 28 U.S.C. § 1915(g), the "three-strikes" rule, because of these frivolity dismissals. *See Snider v. Wendt*, No. 25-

cv-12990, 2025 WL 2884569 (E.D. Mich. Oct. 9, 2025); *Snider v. Wellpath*, No. 23-cv-11535 (E.D. Mich. July 11, 2023).

The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). A federal district court may sua sponte raise the three strikes provision of the PLRA on its own initiative. *Witzke*, 966 F. Supp. at 539. The federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485–486 (6th Cir. 2005).

Snider has had at least three prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. In addition, Snider has subsequently been informed at least twice that he was precluded from proceeding in

3

forma pauperis in other civil rights actions pursuant to § 1915(g) because of these prior dismissals. Critically, Snider has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding in forma pauperis in light of his three prior frivolity dismissals. *See Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019).

For the reasons stated above, Snider's civil rights complaint is subject to dismissal pursuant to § 1915(g). He may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

As Snider has had three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) bars him from appealing in forma pauperis. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–806 (W.D. Tenn. 1999) ("The same considerations that lead the Court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous."). The Court therefore will not certify that any appeal from this dismissal would be in good faith.

4

Accordingly, it is **ORDERED** that Snider's in forma pauperis status is **DENIED** and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** and **CERTIFIED** that any appeal taken by Snider would not be done in good faith.

**SO ORDERED.**

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated: December 18, 2025

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

                                    s/ S. Osorio
                                    Sandra Osorio
                                    Case Manager